## FLORIAN STEMPIEN
vs.
## FRANK S. BERGIN, ET AL.
(Liquor Control Commission)

Superior Court     New Haven County          File #48895

Present: Hon. ALFRED C. BALDWIN, Judge.

Richard T. Mokrzynski,        Attorney for the Plaintiff.

Ass't Atty Gen. F. J. DiSesa,  Attorney for the Defendants.

MEMORANDUM FILED FEBRUARY 15, 1936.

BALDWIN, J. This is an appeal from a refusal of the Liquor Control Commission to issue to the appellant a restaurant permit for the sale of beer at premises leased by him located at 425 Grand Avenue in New Haven, where he had a restaurant permit for the year of 1935, and where he has conducted a restaurant since October 4, 1934.

It is admitted that appellant is a suitable person to have issued to him the permit applied for and that the premises are suitable for the conduct of the business described in the application for such permit.

The application for this permit was filed with the Commission July 19, 1935, and a hearing had thereon September 30, 1935. The application was denied October 1, 1935, and this appeal was duly taken.

The denial of the application was upon the ground that the place operated by the applicant was not a restaurant within the contemplation of the Liquor Control Act because hot meals are not served in the premises as the principal business, and this result is arrived at because the gross receipts from sales of beer under the permit he held averaged, monthly, $550., while the gross receipts from the sale of hot food averaged, monthly, $365. No other question in the case is raised.

I have repeatedly held in cases in which this question was raised, two of which are reported in **Connecticut Law Journal**—**Gruett's Appeal**, Connecticut Law Journal, issue of December 12, 1936, page 6, and **Borisza's Appeal**, issue of December 30, page 3, that the term "principal business" as used in the Act is vague and incapable of definite construction.

The fact that the gross receipts from sales of liquor under the permit exceed the gross receipts from the sales of hot foods, which foods are served twice daily, does not take the premises out from the contemplation of the Act.

The cases referred to, supra, are determinative of the instant case.

The appellant is found to be a suitable person to receive the permit applied for and the premises are suitable premises.

Judgment may be entered for the appellant.