# The Standard Mattress Company *v.* City of Hartford

Superior Court      Hartford County      File No. 145034

Memorandum filed March 26, 1974

*Ribicoff & Kotkin,* of Hartford, for the plaintiff.

*Thomas P. Heslin,* special counsel, and *Walter J. Sidor, Jr.,* assistant special counsel, to the Hartford Redevelopment Agency, for the defendant.

David M. Shea, J. The plaintiff seeks to recover the disputed portion of its claim for moving expenses incurred as a result of the taking of property at 55 North Street, Hartford, occupied by the plaintiff, in an eminent domain proceeding instituted by the defendant on January 13, 1962. The total amount of the claim presented for moving expenses was $138,994.51, of which $111,441.61 was paid, leaving a balance of $27,552.90 in dispute. Interest is also claimed upon the disputed amount as well as upon amounts which were paid from the time when the claim was first presented. All of the expenses claimed were incurred during the period July 1, 1961, to February 1, 1962.

The defendant has raised the question of jurisdiction over the subject matter of this suit upon two grounds: (1) that judicial review of relocation

awards is precluded by an amendment to the Housing Act of 1949; 78 Stat. 789, § 114 (d); 42 U.S.C. § 1465 (e) (1970); and also by the absence of any statutory authorization for such review in this court, and (2) that the federal agency involved, the department of housing and urban development, is an indispensable party to the litigation.

## I

### POWER OF JUDICIAL REVIEW

The federal statute on which the defendant relies, 42 U.S.C. § 1465 (e) (1970), provided: "The Administrator is authorized to establish such rules and regulations as he may deem appropriate in carrying out the provisions of this section and may provide in any contract with a local public agency, or in regulations promulgated by the Administrator, that determinations of any duly designated officer or agency as to eligibility for and the amount of relocation assistance authorized by this section shall be final and conclusive for any purposes and *not subject to redetermination by any court* or any other officer. Such regulations shall include provisions . . . ." (Italics supplied.) This statute became effective on September 2, 1964. Pursuant to this enactment, a regulation was promulgated on January 13, 1965; 30 Fed. Reg. 439, 441, § 3.104 (c) (1965), as amended, 24 C.F.R. § 3.104 (c) (1971); as follows: *"Action on claim—finality.* The . . . [agency] is initially responsible for determining the eligibility of a claim for, and the amount of, a relocation payment and shall maintain in its files complete and proper documentation supporting the determination. The determination on each claim shall be made or approved either by the governing body of the . . . [agency] or by the principal executive officer of the . . . [agency] or his duly authorized designee. The determination, or any redeter-

mination by any duly designated officer or agency, shall be final and conclusive for any purposes and not subject to redetermination by any court or any other officer. Subject to the requirements of this paragraph (c), the . . . [agency] may permit a third-party contractor responsible for relocation activities to examine and recommend action on a claim and to disburse funds in payment of a claim which has been approved by the . . . [agency]."

In *Merge* v. *Troussi,* 394 F.2d 79, 82, it was held that the effect of the statute and regulation was to remove jurisdiction of any suit for removal expenses which might be "based on a 'right' created by federal statute," even in a case already pending. The plaintiff argues that its case is based on breach of the contract between the Hartford redevelopment agency and the federal housing and home finance administrator, claiming that the plaintiff is a third party beneficiary of that contract. The opinion in *Merge* v. *Troussi,* supra, 83, expressly recognized that a claim based entirely upon such a contractual theory would not be governed by the holding in that case: "[I]t may be true that as third-party beneficiaries of a Title I contract they have a claim for damages or performance that arose in 1961. When the Pittsburgh Authority declined to award the additional moving expenses, it perhaps created a cause of action for breach of the Title I contract, as then drafted and including by reference the statutory standards then applicable. Under this theory of the case, it might be true that the amended statute and new regulation making local determinations final and conclusive for any purposes would not apply to this particular suit. But we do not need to decide or comment on this problem arising under a contract theory of this controversy because the appellants' suit against the Pittsburgh Authority lacks the requisite diversity jurisdiction."

In an earlier decision involving the same litigation, it had been held that there was federal jurisdiction of a declaratory judgment suit involving a claim for removal expenses brought against the administrator of the federal agency as well as the local authority. *Merge* v. *Sharott,* 341 F.2d 989. The dissenting opinion in that case (p. 997) maintained that the suit could not be brought against the administrator but only against the local agency under the urban redevelopment law of Pennsylvania, which gave the right to enforce any provision in a contract between the federal and local agencies to any obligee intended to be benefited thereby. The contract involved required expressly (p. 990) that relocation payments be paid by the local agency to businesses and families displaced by the renewal project. It is this third party beneficiary action, created by the Pennsylvania statutes, to which reference is made in the dictum from *Merge* v. *Troussi,* supra, relied upon by the plaintiff.

It does not appear that there is any Connecticut counterpart to the Pennsylvania statute discussed in *Merge* v. *Sharott,* supra. See General Statutes, c. 130. Nevertheless, in a number of decisions it has been held that a third person may enforce a contract between other parties if it was intended to confer such a right upon him, "or the promisor intended by such agreement to assume a legal obligation to the third person." *Byram Lumber & Supply Co.* v. *Page,* 109 Conn. 256, 260. "The controlling test now is, was there any intent to confer a right of action" upon the third party? *Schneider* v. *Ferrigno,* 110 Conn. 86, 89.

In a case decided prior to *Merge* v. *Troussi,* supra, it was declared that a plaintiff seeking an additional allowance for relocating its business as a result of an urban renewal project in Stamford, Connecticut,

would have "no standing to sue as a third party beneficiary on the contract between the federal agencies and the local commission." *United Publishing & Printing Corporation* v. *Horan*, 268 F. Sup. 948, 950. A number of cases have held that third parties have no standing to enforce contractual conditions imposed upon local redevelopment agencies by the federal authority for the public benefit, although the persons bringing the action would be benefited by the provision. *Johnson* v. *Redevelopment Agency*, 317 F.2d 872, 874; *Gart* v. *Cole*, 263 F.2d 244, 250.

It does not appear from the documents produced in evidence at the trial of this case that any express obligation was ever assumed by the Hartford redevelopment agency to make any payment of relocation expenses. In this respect the redevelopment plan provides that the "Relocation Office" of the agency will assist in a general way the relocation of businesses; a relocation payment schedule for individuals and families is approved; and the executive director is designated to approve all claims for relocation payments.

This suit is not on any express promise made by the defendant to the plaintiff, such as the real estate purchase contract held to be enforceable against the agency as a signatory in a case relied upon by the plaintiff, *Entin* v. *Bristol*, 368 F.2d 695. An action against a local agency may be brought for removal expenses on an express agreement made by the agency to pay such costs in consideration of promises by the relocating business establishment to vacate the premises without the necessity of legal process, to relocate the business instead of liquidating, and to induce the owner of the premises to make certain concessions in respect to fixtures which would reduce the condemnation award for taking the real estate.

*Graphic Arts Finishers, Inc.* v. *Boston Redevelopment Authority,* 357 Mass. 40. Where the promise alleged was to pay the plaintiff a specific sum to relocate, however, it was regarded as merely a general commitment to pay relocation expenses in accordance with the statutes and regulations only to the extent that the plaintiff qualified himself to receive them. *Fountain* v. *United States,* 427 F.2d 759, 760.

If we assume arguendo that the dictum in *Merge* v. *Troussi,* 394 F.2d 79, 83, would support the plaintiff in maintaining this action as a third party beneficiary of the contract between the federal and local authorities, the terms of such a contract can be found only in the statutes and regulations pertaining to the payment of such expenses. Such terms would have entitled the plaintiff to the determination of the claim by the local agency, the same result which has already been achieved in this case. 24 C.F.R. § 3.106 (1971). It is not entirely clear how a claimant would have proceeded in order to obtain judicial review of the determination by the local agency prior to the enactment of 42 U.S.C. § 1465 (e) (1970) and the regulations which precluded any such review. In *Merge* v. *Sharott,* 341 F.2d 989, 995, the court seems to have regarded the provision of the federal Administrative Procedure Act at 5 U.S.C. § 703 (1970) as applicable, but it was also stated that the claimant might proceed directly against the federal agency on the basis of the statute creating the right to removal expenses. This court would have no jurisdiction under the federal Administrative Procedure Act, nor does it have jurisdiction over the federal agency involved.

So far as jurisdiction in this court over a suit seeking judicial review of a decision of a local administrative board is concerned, it is well settled that appeals to the courts from such an agency may

be taken only under statutory authority, and, absent such authority, there is no jurisdiction to entertain such an appeal. *Miller* v. *Board of Education,* 166 Conn. 189, 191; *Windsor* v. *Windsor Police Department Employees Assn., Inc.,* 154 Conn. 530, 534. Therefore, even if the plaintiff's cause of action were not affected retroactively by the enactment of 42 U.S.C. § 1465 (e) (1970), it does not follow that there would be jurisdiction to review the administrative determination of the Hartford redevelopment agency in a court of this state.

The plaintiff contends that it is entitled to pursue its case on the theory that the law and regulations in existence at the time it incurred the expenses claimed became frozen into the contract, between the local and the federal agency, of which the plaintiff is a beneficiary. "It is true that statutes existing at the time a contract is made become a part of it and must be read into it just as if an express provision to that effect were inserted therein, except where the contract discloses a contrary intention." *Ciarleglio* v. *Benedict & Co.,* 127 Conn. 291, 293. This principle would make the determination by the local agency an essential part of the contract. It would not vest this court with jurisdiction to review that determination where there is no statutory basis for such a review.

It appears that the finality provision, 42 U.S.C. § 1465 (e) (1970), was repealed by the enactment, as of January 2, 1971, of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. 84 Stat. 1894; 42 U.S.C. §§ 4601–4655 (1970). This repeal took effect no later than July 1, 1972. The repeal would not, however, result in altering the conclusiveness which administrative determination of removal expense claims carried prior to repeal of this finality provision. In the instant case the determination of the local agency

on the disputed claims is contained in a letter dated July 9, 1965, when both the statute and regulations made such a determination final. The subsequent repeal of the finality provision cannot have been intended to create a right of judicial review of moving expense claims where a final determination of the local agency had been issued prior to such repeal. Even where the determination of the local agency was issued after the effective date of the uniform act; 42 U.S.C. §§ 4601–4655 (1970); the claimant was ordered to pursue the new administrative remedy established by regulations; 24 C.F.R. § 42.190 (1972); pursuant to that statute rather than to proceed with a suit for the disallowed relocation payment directly against the local agency. *Barnes* v. *Tarrytown Urban Renewal Agency,* 338 F. Sup. 262, 271.

## II

The defendant also relies on the absence of the United States as a party in this litigation, claiming that its presence is essential to the jurisdiction of the court. This position finds support in *United Publishing & Printing Corporation* v. *Horan,* 268 F. Sup. 948, 950, where it is said: "[T]he federal defendants are indispensable parties to this suit. . . . Here the plaintiff seeks monetary relief pursuant to either a valid administrative claim of reimbursable expenses or in accordance with a contractual relationship between the parties. If the action is resolved favorably to the plaintiff, a judgment will affect both local and federal administrations. Under the pertinent statutory scheme, relocation payments by the local agency are recoverable in full from the federal agency. . . . Therefore, since a plaintiff's judgment will expend itself on the government treasury and the local defendants, alone, are unable to effectuate the relief sought, the federal agencies are indispensable parties to this action."

The plaintiff relies upon *Entin* v. *Bristol,* 368 F.2d 695, a decision of the Second Circuit which would supersede *United Publishing & Printing Corporation* v. *Horan,* supra, as precedent, if it were applicable. In *Entin* v. *Bristol,* supra, the suit was for specific performance of a real estate contract, entered into by the local agency, which contained a condition excusing nonperformance of the agency if federal funds were not available for the purchase. The principal issue was whether the nonfulfilment of the condition resulted from some unjustifiable connivance between the federal and local authority. No question was raised about the necessity of making the federal agency a party, although it was mentioned that third party procedure was available to the local agency if the federal agency were responsible for the default as a result of a violation of the separate loan contract between the local and federal authorities. The principal claim was that the local agency had simply changed its mind about acquiring the property which it had contracted to purchase, and an adjudication of that issue could have been made without determining any rights of the federal authority under the loan contract.

The contract relied upon by the plaintiff in the instant case as a third party beneficiary is between the local and federal authorities. Both the plaintiff and the defendant have assumed that the federal agency would reimburse the local agency for any amount paid in satisfaction of the judgment which may be obtained. In that sense the judgment would "expend itself on the government treasury." *United Publishing & Printing Corporation* v. *Horan,* supra, 950. It is also clear from the testimony of a representative of the local agency that he did not regard himself as completely free to make removal expense claim determinations in accordance with his own best judgment. On several of the disputed items he

deferred to the dictates of the federal agency when his own recommendations were rejected. On any realistic view the federal authority is inextricably involved because its interpretations of the statute and regulations are the principal guideposts employed by the local authority in considering moving expense claims, and its prior approval is sought before any substantial claims are approved. In all respects, therefore, the federal authority is an indispensable party to the adjudication of the present controversy. Indispensable parties are "[p]ersons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Shields* v. *Barrow,* 58 U.S. (17 How.) 130, 139; 3A Moore, Federal Practice § 19.07.

Although Practice Book § 109 indicates that nonjoinder of a necessary party should be raised by demurrer, and Practice Book § 62 provides that no action shall be defeated by nonjoinder, the absence of an indispensable party ordinarily requires dismissal of the action. 3A Moore, Federal Practice § 19.19. There are no considerations here which would warrant continuing the case for the purpose of joining the United States or the federal agency involved, since no effective service could be made on them.

It is ordered that judgment enter dismissing the plaintiff's action for lack of jurisdiction.