[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff, Cookes' Equipment Company, brings this two CT Page 2590 count complaint against defendant Steven M. Stack, Jr. arising out of the alleged unlawful possession and continued control by defendant of plaintiff's property. The first count alleges a conversion of the plaintiff's property and the second count makes a claim of a violation of the Connecticut Unfair Trade Practices Act.
The defendant has moved to strike counts one and two and prayers for relief two, three and four "because the allegations as pled are legally insufficient and are made of legal conclusions unsupported by facts."
In addition to the grounds contained in the motion to strike as set forth above, the defendant claims in the last paragraph of his motion that "additionally, this motion should be granted due to the fact that an indispensable party, A A Truck Brokers, Inc., has not been made a party to this action."
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989); Connecticut Practice Book 152. It admits all facts well pleaded, as well as those necessarily implied from the allegations. Ferryman, supra, 142; Amodio v. Cunningham,182 Conn. 80, 83 (1980).
In ruling on a motion to strike the court is limited to the facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273,278 (1988). The sole inquiry where a complaint is attacked based on legal insufficiency is whether plaintiff's allegations, if proven, would state a cause of action. Doyle v. A P Realty Corp., 36 Conn. Sup. 126, 127 (1980).
The parties must set forth separately each claim of insufficiency of the pleading, specify distinctly the reason or reasons for each such insufficiency and attach a memorandum of law which cites the legal authorities upon which the motion relies. See Connecticut Practice Book 154-155 and 204.
Taking up first the claim that the entire complaint should be stricken because of the failure to join an indispensable party. A motion to strike on the grounds of non-joinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action. Connecticut Practice Book 152. Without the presence of the necessary party, a court cannot fully adjudicate the matter before it. Merideth v. Police Commissioners,182 Conn. 138, 140 (1980). In those circumstances, "[a] trial court should afford plaintiff a reasonable opportunity to cite the necessary party and upon failure to do so the court may, on its CT Page 2591 own motion, with proper notice, strike the complaint." Id. (Emphasis added).
The court in Sturman v. Socha, 191 Conn. 1 (1983), noting the blurred distinction between indispensable and necessary parties, stated:
 Parties have been characterized as `indispensable' when they "not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience." Shields v. Barrow, 58 U.S. (17 How.) 130, 139 [15 L.Ed. 158 (1855)]; 3 A Moore, Federal Practice 19.07.' Standard Mattress Co. v. Hartford, 31 Conn. Sup. 279, 288, 329 A.2d 613 (1974). Necessary parties, however, have been described as `[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.' Shields v. Barrow, supra; see Lettieri v. American Savings Bank, 182 Conn. 1, 13-14, 437 A.2d 822 (1980); Gill v. Schimelman, 180 Conn. 568, 570-72, 430 A.2d 1292 (1980).
Id. at 6-7. A conclusion that an absent party is necessary or indispensable and not available for joinder requires dismissal of the action. Savage v. Aaranson, 214 Conn. 256, 281, n. 32 (1990). Where, however, the claims raised in the complaint can be properly resolved without the presence of the absent party, the matter can and should proceed. See Id.
The defendant has not complied with Connecticut Practice Book 152's requirement that the absent party's interest in the controversy be stated. In addition, it is clear that the CT Page 2592 interests of A A Truck Brokers, if any, are separable from the claims raised in the complaint against defendant. Finally, the presence of A A Truck Brokers is not required in order that the court may act on the conversion and CUTPA claims alleged against defendant and it does not appear that the resolution of such claims will be wholly inconsistent with equity and good conscience. The defendant's motion to strike both counts of plaintiff's complaint based on the absence of an indispensable party is denied.
The defendant offers the following ground for its challenge to the first count: a cause of action in conversion cannot exist because the statutory definition of conversion of leased property contained in Connecticut General Statutes 53a-119
requires a written contract between the parties before conversion can occur.
In addition to the crime of conversion contained in the Connecticut Penal Code, Connecticut General Statutes 53a-119
which is relied upon by defendant, Connecticut law recognizes a cause of action for conversion in tort. See e.g. Faulkner v. Samperi, 190 Conn. 412 (1983); Coleman v. Francis, 102 Conn. 612
(1925); Luciani v. Stop Shop Co., 15 Conn. App. 407 cert. denied 209 Conn. 809 (1988). The tort of conversion is defined as an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights. Faulkner, supra, 419. "The seminal case in this state regading conversion is Coleman v. Francis, 102 Conn. 612
(1925)." Luciani, supra, 410. The court in Coleman indicated that there are two general classes into which conversions are grouped: (1) those where possession is originally wrongful and (2) those instances where rightful possession is changed to an unlawful exercise of dominion by reason of refusal to deliver it upon demand. See Id. at 615-617. As to this second class, conversion can be shown by (1) exercising dominion over the property as by use or otherwise after the one in possession knew the true owner or (2) by refusal to deliver up the property after demand and in this way exercising an unlawful dominion over the property. Id. at 617.
In count one, plaintiff alleges in relevant part:
 "Plaintiff is the owner of [the property at issue], that said property was leased to A 
A Truck Brokers, that A A defaulted on the lease, that A A without legal right and without authority from plaintiff, delivered the [equipment] to defendant, that plaintiff made demand on defendant to return said property, that defendant refused to return CT Page 2593 said property, and that defendant offered to purchase said property from plaintiff."
The allegations of plaintiff's complaint state a common law cause of action for tortious conversion and is therefore legally sufficient. The motion to strike the first count is denied.
Defendant offers the following as grounds for striking the second count: (1) the goods in question were not stolen, they were part of a lease agreement and therefore the plaintiff's CUTPA claim based upon receipt of stolen goods is legally insufficient; (2) the defendant is a consumer and therefore the act cannot apply as a matter of law; (3) plaintiff has failed to allege that it mailed a copy of the complaint to the Attorney General as required by Connecticut General Statutes 42-110b(a).
Connecticut General Statutes 42-110b, known as the Connecticut Unfair Trade Practice Act (CUTPA), provides:
 Unfair trade practices prohibited. (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
Person is defined as "a natural person, corporation, trust, partnership, incorporated or unincorporated association and any other legal entity." Connecticut General Statutes 42-110a. CUTPA actions may be brought by consumers, businessmen or competitors. Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. 243, 254 (1988).
The statutory provision providing for a cause of action pursuant to CUTPA, Connecticut General Statutes 42-110g, states in pertinent part:
 42-100g. Action for damages. Class actions. Costs and fees. Equitable relief. (a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The CT Page 2594 court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper.
 (c) Upon commencement of any action brought under subsection (a) of this section, the plaintiff shall mail a copy of the complaint to the attorney general and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the attorney general.
The purpose of notice to the Attorney General is for that office to keep track of CUTPA claims and to act as an amicus curiae in private matters. Daddona v. Liberty Mobile Home Sales, Inc., 3 CSCR 268 (April 1988, Meadow, J.). Failure to forward a copy of the complaint to the Attorney General upon commencement of an action pursuant to 42-110g(c) is a curable jurisdictional defect. Id. accord. Cole v. Metropolitan Property Liability Ins. Co., 10 Conn. L. Trib. No. 45, p. 7 (Dist. Conn., June 13, 1984, Burns, J.). The court in Cole noted that:
 "the Attorney General's office for whose benefit 42-110g(c) was written [who appeared as amicas curiae] takes the position `that failure to comply with the subsection . . . does not constitute a jurisdictional defect. Moreover, the subsection provides no specific time period in which plaintiffs must notify the Attorney General."
In determining whether a practice violates CUTPA, the court should employ these criteria:
 Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 254. CT Page 2595
"`Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy.'" Id. (citing Web Press Service Corporation v. New London Motors, Inc., 203 Conn. 342,355 (1987)). All three criteria need not be satisfied to support a finding of unfairness. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987). A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.'" Id. (citing McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558,569 n. 15 (1984)). Furthermore, "CUTPA, as a remedial statute should be liberally construed in order to effectuate its public policy goals." Web. Press Service Corp.,203 Conn. at 355.
Conduct that may be actionable under CUTPA may not rise to a level sufficient to invoke tort liability but the reverse of that proposition is seldom true. Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747, 756 (1984).
Plaintiff in the second count, incorporates the factual allegations of the first count and goes on to allege:
 "Defendant was engaged in the conduct of trade of commerce of said equipment within the meaning of Connecticut General Statutes 42-110a(4) defendant engaged in unfair and deceptive acts or practices in violation of Connecticut General Statutes 42-110b by taking possession and refusing to surrender said property. . . . Defendant further engaged in unfair trade practices by attempting to coerce plaintiff into selling the property at below cost by retaining unauthorized possession. . . ."
The allegations of the second count state a cause of action pursuant to CUTPA. The plaintiff has pled sufficient facts identifying the defendant as a person, corporation or other legal entity within the meaning of Connecticut General Statutes 42-110b, and the facts alleged in the second count, which incorporate the allegations of the first count alleging tortious conversion, are sufficient to state a cause of action pursuant to CUTPA. See Sportsmen's Boating Corp., supra, 756. The notice to the Attorney General is a curable jurisdictional defect, and is not a fact that must be pled in order to state a cause of action pursuant to CUTPA. The defendant's motion to strike the second count is denied.
Accordingly, the motion to strike is denied in its CT Page 2596 entirety.
WILLIAM L. HADDEN, JR., JUDGE