[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE CT Page 10699
On September 13, 1993, the plaintiff James S. Gorham, (plaintiff) filed a four-count complaint against the defendant, Mitsubishi Motors. This action arises out of the repossession of a 1992 Mitsubishi automobile (vehicle). James T. Gorham (father), the father of the plaintiff, signed a retail installment contract when this vehicle was purchased. The plaintiff's complaint does not state in what capacity the father signed the contract and the father is not a party to this action.
The retail installment contract was not attached to the plaintiff's complaint. The complaint alleges that in June 1992 or at a later time, the father signed the retail installment contract and the plaintiff did not. The complaint alleges only that the father was induced to sign the retail installment contract in connection with the purchase of this vehicle, based on the belief he was only a co-signer for Belinda Johnson, who is identified only as "the person who was actually buying the vehicle." Belinda Johnson is not a party to this action and there are no other allegations regarding Belinda Johnson. The complaint does not state whether anyone else signed the retail installment contract.
Furthermore, the plaintiff alleges that in June 1992 or at a later time he took "possession and title" to the vehicle and that his father never took "possession, control or title" to the vehicle. The complaint does not state if anyone else had possession of this vehicle nor what the plaintiff means by his use of the word "title."
Count one of the plaintiff's complaint alleges conversion. The plaintiff alleges that on or about July 16, 1993, the defendant repossessed the vehicle and has refused to return the vehicle to the plaintiff. The plaintiff further alleges that the defendant does not have a security interest in the vehicle.
In count two of the plaintiff's complaint, he demands reformation of the retail installment contract, which he did not sign. The plaintiff alleges that the parties' intent is not represented by the retail installment contract. The plaintiff alleges further that the defendant has refused to remove his father as signatory on the retail installment contract and add Belinda Johnson and the plaintiff as signatories to the contract.
Count three of the plaintiff's complaint alleges unlawful CT Page 10700 repossession. The plaintiff alleges that the defendant failed to apply the plaintiff's rebates from insurance and service contracts towards payments on the contract, and that the defendant's repossession was not commercially reasonable. The complaint does not give any other information regarding the plaintiff's rebates.
Count four of the plaintiff's complaint alleges unfair or deceptive practices. The plaintiff alleges the following: the defendant did not have a security interest in the vehicle; the defendant did not apply the plaintiff's rebates towards payments for the vehicle; if the rebates had been applied there would be no default; the plaintiff did not receive the proper notice from the defendant; and the defendant misled the plaintiff to believe that the vehicle would not be repossessed.
On October 22, 1993 the defendant filed a motion to strike the complaint and an accompanying memorandum of law in support of the motion. The ground for the motion is failure to join the father, the signatory of the retail installment contract, as a necessary and indispensable party in the plaintiff's action. On November 3, 1993 the plaintiff filed a memorandum in opposition to the motion.
"`Whenever a party wishes to contest . . . the legal sufficiency of any such complaint . . . or any count thereof, because of the absence of any necessary party . . . that party may do so by filing a motion to strike the contested pleading or any part thereof." (Citation omitted.) George v. St. Ann's Church, 182 Conn. 322,438 A.2d 97 (1980). In construing a motion to strike the court must take as admitted all well-pleaded facts and those facts necessarily implied from the allegation. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 208, 520 A.2d 217 (1987). Additionally, the court must take the facts to be alleged in a manner most favorable to the pleader. Id. However, "a motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading at which the motion is directed." Fairfield Lease Corporation v. Romano's Auto Service, 4 Conn. App. 495,497, 495 A.2d 286 (1985).
In the defendant's memorandum of law accompanying his motion he argues that "[a]ny determination of rights concerning either the vehicle or the retail installment contract, of necessity affect James T. Gorham's [the father's] interests." Furthermore, the defendant argues that the father not only has an interest in the controversy, but that interest is such that a final determination CT Page 10701 cannot be made without affecting that interest or rendering the final outcome of the controversy inconsistent with equity and good conscience.
In the plaintiff's memorandum of law in opposition to the motion, the plaintiff argues that his father is not a necessary party. The plaintiff argues that because his father never took title to, or possession of, the vehicle, his father never obtained any rights or interest in the vehicle and the contract never became effective. The plaintiff argues further that if there was a contract it was disaffirmed when the defendant repossessed the vehicle. Lastly, the plaintiff argues that co-signers who are jointly liable on a contract are not necessary parties and joinder of all the co-signers is optional.
The terms necessary and indispensable are defined as follows:
 Parties have been characterized as "indispensable" when they "`not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience.' Shields v. Barrow, 58 U.S. (17 How.) 130, 139 [15 L.Ed. 158 (1855)]; 3 A Moore, Federal Practice 19.07." Standard Mattress Co. v. Hartford, 31 Conn. Sup. 279, 288, 329 A.2d 613
(1974). Necessary parties, however, have been described as "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." Shields v. Barrow, supra; see Lettieri v. American Savings Bank, 182 Conn. 1, 13-14, 437 A.2d 822 (1980); Gill CT Page 10702 v. Schimelman, 180 Conn. 568, 570-72, 430 A.2d 1292 (1980).
Sturman v. Socha, 191 Conn. 1, 6-7, 463 A.2d 527 (1983).
"Necessary parties to any suit to reform a written contract include all the parties to the instrument and their successors in interest." 76 C.J.S. Reformation of Instruments 70 p. 423. "In a suit to reform a contract of suretyship the principle obligor is a necessary party." Id., 424.
Because the plaintiff admits that he never signed the retail installment contract, and that he and Belinda Johnson wanted to replace the father as signatory, it appears to the court that the facts of the pleading imply that the only signatory to the contract was the father. Therefore, as the only signatory to the contract, the father, is the principal obligor and a necessary party. Furthermore, the plaintiff's argument that co-signers who are jointly and severally liable are not necessary parties is not applicable. This is so because the plaintiff was not a co-signer, or even a party to the contract, nor was the father a co-signer, he was the sole signatory.
All four counts of the plaintiff's complaint deal with the consequences of the effectiveness or ineffectiveness of the retail installment contract. Adjudication of this action necessarily affects the rights of the parties to the contract, and the plaintiff is not even a party to the retail installment contract. The court is of the opinion that since he is the only signatory of this retail installment contract, the father is a party to the contract, and his presence is necessary and indispensable for the court to do complete and final justice. Therefore, because the father, James T. Gorham, is a necessary and indispensable party, the defendant's motion to strike must be and is granted.
William L. Hadden, Jr., Judge CT Page 10703