[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case the plaintiff a developer retained the services of the defendant William Raveis Real Estate, Inc. to sell certain property. The defendant Lisa Sweeney executed the listing agreements between Raveis and the plaintiff and was its agent for sale of the property. A contract to purchase the property was entered into between the plaintiff and a couple known as the Trotters. This contract contained a standard liquidated damage clause entitling the plaintiff to retain the $40,000 deposit if the agreement fell through.
The plaintiff claims Raveis Inc., Sweeney, and the Trotters acted in concert to conceal information from the bank which was going to arrange the financing and made misrepresentations to the bank all of which caused the bank on the day of closing to withdraw its mortgage commitment to the Trotters. The complaint is based on claims of negligence, fraud and violation of fiduciary duty.
After the failure of the closing the plaintiff secured the $40,000 deposit as liquidated damages returning $7,500 to the Trotters and retaining $32,500.
The defendants have filed a motion to strike claiming
 (1) The plaintiff's complaint fails to state a cause of action because the plaintiff is barred from recovering against the defendants as a result of the liquidated damage clause.
 (2) The complaint should be stricken because it fails to join two necessary parties, the Trotters.
 (3) The allegations in the Fourth count "to the extent they sound in negligence" cannot serve as the basis for a CUTPA claim.
(4) The Fourth Count fails to allege facts CT Page 6566 sufficient to satisfy all the three requirements of the so-called "Cigarette Rule" and thus a CUTPA claim will not lie.
Liquidated Damages Clause
Clearly liquidated damage clauses are permissible if they satisfy three conditions (1) the damages expected to result from a breach would be uncertain; (2) there was an intent to liquidate damages in advance; (3) the amount stipulated to was reasonable, Norwalk Door Closer Co. v Eagle Lock Screw Co.,153 Conn. 681, 686 (1966). As between the Trotters and the plaintiff the liquidated damage clause is appropriate. But the plaintiff had no liquidated damage agreement with the defendants as to the amount of damages if there were to be a breach of contract. The contract between the plaintiff and the Trotters with its liquidated damage clause was entered into on October 11, 1994. The closing where the agreement fell through happened November 17. Suit was brought here March 1, 1995. One of the reasons parties enter into liquidated damage agreements is that at that time they're entered into the damages upon breach are uncertain and might be difficult of proof. I can't conclude as a matter of law from the fact of the pleadings that what the plaintiff determined was a fair amount in a liquidated damage clause upon loss of a business agreement on a prior date necessarily defines that parties actual damages at any later date. Even as between parties entering into a liquidated damage agreement the fact that they agreed on a certain sum for liquidated damages doesn't mean when the breach occurs in fact that's what the damages were. It simply means that if the agreements are enforced they were a reasonable estimate when made of a sum difficult to estimate when the original agreement was entered into. Parties who were not subject to the terms of the original contract but who are alleged to have caused its breach can't take advantage of a liquidated damage clause against the seller of property who claims the contract was breached. It was not entered into for such party's benefit and the plaintiff seller made no agreement with that particular party to forego the burden of proving the actual amount of damages.
Evidence of the amount of liquidated damages retained by the plaintiff can perhaps be used as evidential admissions against the plaintiff and may perhaps be used to reduce the CT Page 6567 amount of any recovery but the existence of such a clause shouldn't be used by the non-contracting alleged third party wrongdoer as a basis to dismiss the entire claim.
Real Estate Buyers as Necessary Parties
 Sturman v. Socha, 191 Conn. 1, 6, 7 (1983) set out our definitions of "indispensable" and "necessary" parties. Given those definitions it is difficult to see shy a motion to strike would lie for example if there is a failure to join a "necessary" party as opposed to an indispensable one'. A demurrer to a complaint would seem to be appropriate where a party is truly indispensable, cf Standard Mattress Co. v.Hartford, 31 Conn. Sup. 279, 288 (1974) (Justice Shea).
Sturman defines an indispensable party as one who not only has "an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience.
The use of the words "indispensable" and "necessary" can cause confusion. Perhaps the problem should be approached from a functional point of view. A person is indispensable if the relief demanded, practically speaking, couldn't be effectuated without the person being in the case. A person is indispensable if any judgment would adversely affect that person's interest. A person is indispensable if people who are already parties would be exposed to double, multiple or otherwise inconsistent obligations if they're not brought in the case.
A person is necessary if they have an interest in the controversy and if their being in the case would enable the court to fully resolve the dispute but their interests are separable from the parties so that they wouldn't be adversely affected by the judgment, the parties in the case won't run the risk of multiple damages or inconsistent obligations, and the court can fashion a remedy for the parties who remain in the case. Fortunately, Sturman referred to 3A Moore Federal Practice Chapter 19 in setting forth its definitions which discusses Federal Rule 19 which I paraphrased in the definition of "indispensable party" given above. A practical result of these definitions is that if a person is CT Page 6568 "indispensable" unless they're brought in by the court or a party there's no jurisdiction and the case should be stricken if the indispensability appears on the face of the pleading. If a person is one step down from the just defined ultimate category the case isn't thrown out and then it's left to the Rules of Practice when, how, and who brings them into the case.
Applying this test the Trotters aren't indispensable. They have no discernible interest that could be adversely affected by not bringing them in the case. In fact it would be a great burden to them given the facts of this case. The specter of multiple damages or inconsistent obligations doesn't present itself as long as the defendants can present evidence of the liquidated damage clause and the possibility exists of reducing any award to the plaintiff by the amount of liquidated damages. It is difficult to see how given these considerations complete relief can't be given — all that is involved is a money judgment.
The CUTPA Claim
A motion to strike cannot be used as a substitute for a request to revise. This portion of the motion to strike says the CUTPA count should be stricken "to the extent" that it sounds in negligence. Simple negligence cannot serve as the basis of a CUTPA claim. That is the argument. But the CUTPA claim doesn't only "sound in negligence." There's a claim of fraudulent activity and violation of fiduciary obligations which if the pleadings are taken in the light most favorable to the non-moving party to raise a CUTPA claim. That being the case I won't speculate on the viability of such a claim under CUTPA since the defendant didn't address that aspect of the CUTPA claim. The motion to strike is denied.