[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In this single count revised complaint against the defendant, Commissioner of the Department of Environmental Protection dated September 8, 1995 brought under the provisions of General Statutes § 22a-16 the plaintiffs People Rights' in a Clean Environment (PRICE) et al seek a declaratory judgment, enforcement orders and other relief claiming that the Commissioner has failed to sufficiently enforce the conditions of certain permits and orders relative to the solid waste diagonal and recycling operations conducted on the Yaworski Solid Waste Disposal Site, the Yaworski Landfill and the Yaworski Recycling Facility, all located on Packer Road in Canterbury and owned by various members of the Yaworski, Inc. family.
In a decision filed March 20, 1995, this court, Schimelman, J., denied the Commissioner's motion to dismiss this action. P.R.I.C.E., Inc. v. Keeney, superior court, judicial district of Hartford-New Britain at Hartford, Docket No. 542469 (Schimelman, J., March 20, 1995). The Commissioner's motion for reconsideration was denied without argument on April 17, 1995.
On September 21, 1995, the Commissioner filed this motion to strike the plaintiffs' action.
 I
The Commissioner claims five grounds for striking the CT Page 2983 plaintiffs' revised complaint: (1) failure to name all necessary parties under Practice Book § 152(3); (2) violation of Practice Book § 390(d); (3) failure to state a claim for which relief can be granted under General Statutes § 22a-16; (4) failure to allege material facts necessary to construct a legally cognizable cause of action under § 22a-16; and (5) failure to exhaust administrative remedies. In short calendar argument on December 11, 1995 the parties agreed that Judge Schimelman had considered the last four claims in his decision and focused their arguments on the first claim, that alleging failure to name necessary parties.
 II
The Commissioner argues that the plaintiffs have failed to name all necessary parties under Practice Book § 152(3) namely Yaworski, Inc. or members of the Yaworski family. He claims that their inclusion is mandated by due process and that consideration of this action without providing them an opportunity to be heard would be improper.
The plaintiffs counter that Yaworski, Inc. was provided with notice of the pendency of this action and with a copy of the complaint by certified mail, that since Yaworski, Inc. has not moved to be joined as a defendant in this action, this court can determine whether the Commissioner should be compelled to act to enforce the terms of its permits without the participation of the landfill owners and operator.
Practice Book § 152(3) provides the basis for filing a motion to strike to contest the legal sufficiency of any complaint because of the absence of any necessary party.
 A motion to strike on the ground of nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action.
Practice Book § 198 further provides that "the exclusive remedy for nonjoinder of parties is by motion to CT Page 2984 strike."
The distinction between indispensable parties and necessary parties has become blurred. Sturman v. Socha,191 Conn. 1, 6-7, (1983). In Biro v. Hill, 214 Conn. 1, 5-6
(1990) the Supreme Court defined "necessary parties" as "`persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." The Court went on to state "But if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.'"
"Indispensable parties has been defined as "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." Standard Mattress Co. v. Hartford,31 Conn. Sup. 279, 288, (Super.Ct. 1974). The absence of an indispensable party ordinarily requires dismissal of the action. Id. In Emar Development v. William Raveis RealEstate, Inc., 15 Conn. L. Rptr. 62, 63 (Jun. 28, 1995, Corradino, J.) the court stated "A person is indispensable if the relief demanded, practically speaking, couldn't be effectuated without the person being in the case. A person is indispensable if any judgment would adversely affect that person's interest."
In the present case, it is clear that the alleged missing parties, the Yaworski family and Yaworski, Inc., are indispensable parties. As owners and operators of the properties in question there have a direct interest in the present action, and would, at very least, be considered necessary parties for the purposes of adjudicating this action. A final judgment in this case could also affect the Yaworski family and Yaworski, Inc.'s interest in such a manner as to make them indispensable parties to this action. CT Page 2985
Defendant's motion to strike the plaintiffs' revised complaint is granted.
Wagner, J.