[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR PROTECTIVE ORDER (# 112)
The plaintiff, People's Bank (Peoples), commenced this legal malpractice action against the defendant, Wayne A. Baker (Baker). People's now seeks a protective order preventing Baker from revealing to his malpractice insurance carrier (Continental), certain confidential communications allegedly protected by the attorney-client privilege. Specifically, the motion seeks to prevent Baker from revealing information obtained during discovery in this case, for use in a second action filed by Continental, disclaiming liability coverage under Baker's malpractice insurance policy.
"`[I]t is a principle of natural justice of universal obligation, that before the rights of an individual be bound by a judicial sentence he shall have notice . . . of the proceedings against him.' Parsons v. Lyman, 32 Conn. 566, 576 [D.Conn 1863], quoting Mr. Chief Justice Marshall in The Mary, 13 U.S. (9 Cranch) 126, 3 L.Ed. 678 [1815]. Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." (Citations omitted.) Kron v. Thelen, 178 Conn. 189, 193, 423 A.2d 857
CT Page 92 (1979). Thus, "[j]oinder of indispensable parties is mandated because due process principles make it `essential that [such parties] be given notice and an opportunity to protect [their] interests by making [them] a party to the [action].'" Hilton v.City of New Haven, 233 Conn. 701, 722-723, 661 A.2d 973 (1995). "`Parties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without either affecting that interest or leaving the controversy in such condition that its final disposition may be inconsistent with equity and good conscience.' Gaudio v. Gaudio, 23 Conn. App. 287,305-306, 580 A.2d 1212, cert. denied, 217 Conn. 803,584 A.2d 471 (1990); see Stamford Ridgeway Associates v. Board ofRepresentatives, 214 Conn. 407, 439, 572 A.2d 951 (1990); Sturmanv. Socha, 191 Conn. 1, 6, 463 A.2d 527 (1983); Standard MattressCo. v. Hartford, 31 Conn. Sup. 279, 288, 329 A.2d 613 (1974), citing Shields v. Barrow, 58 U.S. (17 How.) 130, 139,15 L.Ed. 158 (1855)." Id., 722. Continental, unnoticed and unjoined, is a classic "indispensable party" because the resolution of the question as to whether the defendant may disclose certain information to it by definition affects its rights in the civil action it has filed. See Mannweiler v. LaFlamme, 232 Conn. 27,33, 653 A.2d 168 (1995); Fong v. Planning Zoning Board ofAppeals, 212 Conn. 628, 632-34, 563 A.2d 293 (1989), and cases cited therein; Standard Mattress Co. v. Hartford, supra, 31 Conn. Sup. 288.
For this reason, the motion is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court