JOHN F. SHOEMAKER and Wife *vs.* CEDAR RAPIDS, IOWA FALLS & NORTHWESTERN RAILWAY COMPANY and another.

McDERMOTT and another *vs.* SAME.

February 13, 1891.

**Railway—Ejectment—Land Taken without Compensation.**—*Held*, that the plaintiffs may, under Gen. St. 1878, c. 34, § 33, maintain an action to recover land taken for a railroad, without compensation being paid, the company not having, by contract or otherwise, a right to the possession.

**Same—Construction of Contract Giving Right of Way to Quarries.** A contract giving to the lessees of plaintiffs' quarries a right to lay a railroad track or switch across plaintiffs' land to reach the quarries in order to transport their products to market, *held* not to authorize the laying across plaintiffs' land of a railroad track, part of a long line of an ordinary commercial railroad for general business, not going to the quarries, but passing at a distance.

Ejectment brought in the district court for Rock county, for a strip of land forming part of the roadway occupied by defendants' railway. The defendants claimed to have succeeded to the rights given by the contract considered in the opinion.   A jury was waived, and the action tried by *Perkins, J.,* who ordered judgment for plaintiff John F. for possession of the land unless defendants should pay him the sum of $1,344.80 as compensation for the taking and perpetual use of it. A new trial was denied, and the defendants appealed.

*Daniel Rohrer,* for appellants.

*E. H. Canfield* and *Chas. C. Willson,* for respondent.

GILLFILLAN, C. J.[1]   The stipulation of the parties for the purpose of the trial, that, if it be found that the railway company has not acquired a valid right of way 100 feet wide along the line of its road as constructed, the defendant applies for condemnation thereof, and agreeing upon the damages to be awarded upon such condemnation, was a waiver of any objection to the form in which the action was brought.   But, aside from that, if the defendant has not acquired the right to maintain the railroad across the plaintiffs' land, the actions are well brought under Gen. St. 1878, c. 34, § 33, which provides an action in the nature of ejectment where compensation for taking the land has not been made.   That action may, at the election of the company, be turned into a proceeding to condemn, and is intended to enable the land-owner to compel the railroad company to elect whether it will surrender the land or procure by condemnation the right to hold it.   Of course, if the railroad company has, otherwise than by condemnation, a right as against the plaintiff to the possession of the land for the purposes for which it is using it,—as, for instance, by a contract with the owner,—the action cannot be maintained.   But by the express terms of the statute mere acquiescence of the owner in the taking by the company does not stand in the way of the action.

The contract set up in the answer gives the defendant no right to the land in controversy.   That contract gave to the lessees of plaintiffs' quarries the right to construct over plaintiffs' land a railroad

---

[1] Vanderburgh, J., took no part in the decision.

track or switch from some railroad track to reach the quarries in order to transport their product to market. Under this the lessees would be required to cross plaintiffs' land by the shortest reasonably practicable line. It certainly does not contemplate the construction of an ordinary commercial railway, for the general business of the country, its track across plaintiffs' land being a part of a line probably hundreds of miles long, not running to the quarries, but, at a distance from them, so that a switch track is necessary to reach them, and not laid with any more reference to the business of the quarries than to the general business of the country. Constructing and maintaining such a railroad is imposing upon the land a burden not authorized by the contract.

Order affirmed.