HORACE E. THOMPSON and Others v. GERMANIA LIFE INSURANCE
COMPANY.[1]

January 12, 1906.

Nos. 14,615—(110).

**Easement.**

In an action brought to restrain the defendant from using a private alleyway or from interfering with the plaintiff's use thereof, it is *held*, ordinarily, the grant of an easement over land does not prevent the right of the owner of the fee from so using it as not to unreasonably interfere with the special use for which the easement was acquired.

**Exclusive Easement.**

An easement of way is not necessarily exclusive. Whether or not it is of that character depends upon the nature of the occasion, the use shown, and the terms of the agreement whereby it is created.

**Construction of Grant.**

An easement should not be extended by legal construction beyond the objects originally contemplated or expressly agreed upon by the parties. Its nature and extent are to be determined by an examination of the agreement creating it, under appropriate rules of construction, and of the situation of the lands to which it is claimed to be appurtenant.

**Use by Third Person.**

In this case it is *held* that the facts did not show an easement in gross, but one subjecting premises to only the common use of the parties under the instrument creating it, and that third persons had no right to use the way reasonably or unreasonably.

Appeal by plaintiffs from a judgment of the district court for Ramsey county, entered pursuant to the findings and order of Brill, J. Reversed.

*Young & Lightner,* for appellants.

*C. D. & R. D. O'Brien,* for respondent.

JAGGARD, J.

This action was brought to restrain the defendant from using a private alleyway or from interfering with the plaintiffs' use thereof.

[1]Reported in 106 N. W. 102.

The answer put in issue plaintiffs' title to the alleyway, asserted a right on defendant's part to use the alleyway, admitted that it used the same, but denied that it interfered with plaintiffs' use thereof. The action was tried by the court, which made findings of fact and conclusions of law, establishing plaintiffs' right in the alley, finding that defendant interfered with plaintiffs' use, and directing judgment restraining defendant from such interference.

The following is a diagram of the block containing all the premises involved; the way being indicated by the dotted lines:

Third Street.

| | | | | | 11 |
| 16 | 15 | 14 | 13 | 12 | 10 |
| | | | | | 9 |
| | | | | | 8 |
| 1 | 2 | 3 | 4 | 5 | 7 |
| | | | | | 6 |

Fourth Street.

The owners of lots 12, 13, and part of 14 at one time owned also lot 4. Having no access to the rear of their lots by any street or alley, they secured access thereto by reserving a right of way over lot 4 by separate deeds identical in form with that by which they conveyed lot 4 to defendant's grantor. The words of reservation in each deed followed the description of the property granted, and read, so far as here involved, as follows:

> Saving and reserving to said parties of the first part, their heirs and assigns, in common with the other owners of said above-described lot, their heirs and assigns, and in common with the present owners of the east half of lot 12 and of all of lot 13 and of the west half of lot 14 in said block 25, and their

heirs and assigns, an easement and right of ingress and egress from Fourth street over and across and through a strip of ground ten feet wide off of the easterly side of said lot 4 for the entire length of said lot, and over, through, and across a strip of ground eight feet wide off of the southerly or rear end of said lot for the entire width of said lot, as and for a private alleyway, and so that no building or other improvements shall be erected upon said two reserved strips, or any part thereof, by said second party, his heirs and assigns, which shall obstruct the said easement or the use thereof by the said owners of said other real estate above described in common with said parties thereto, their heirs or assigns.

The defendant owned lot 5 by virtue of a deed executed by the owners of lot 4 which contained language sufficient to convey a right to use the alleyway over lot 4, if such right could be in law conveyed thereby. Against improper use of the alley the court issued its injunction. It ruled, however, that this defendant could use the alley in such a way as not substantially to interfere with the use thereof by plaintiffs. A motion by the plaintiffs to correct and amend the findings of fact and conclusions of law was denied. A bill of costs and disbursements was made by plaintiffs and allowed by the clerk, but on appeal to the court charges for abstract of title and a survey and plat of the premises were disallowed. This appeal was taken from the judgment thereupon entered.

The essential question thus presented for decision is this: Is there anything in the language of the deeds to the defendant's grantor and in the circumstances to indicate and to determine that an exclusive right of way was reserved?

An easement or way is not necessarily exclusive. Whether or not it is of that character depends upon the nature of the occasion, the use shown, and the terms of the agreement whereby it is created. Bird v. Smith, 8 Watts, 434, 440, 34 Am. Dec. 483; Kirkham v. Sharp, 1 Whart. 323, 29 Am. Dec. 57; Campbell v. Kuhlmann, 39 Mo. App. 628; 3 Current Law, 1148. Ordinarily the grant of an easement over land does not prevent the right of its former owner, who owned the adjoining property, from so using it as not to unreason-

ably interfere with the special use for which the easement was acquired.   Cincinnati v. Wachter, 70 Oh. St. 113, 70 N. E. 974; Gibbons v. Erding, 70 Oh. St. 298, 71 N. E. 720, 101 Am. St. Rep. 900. The authorities relied upon by defendant sustain this proposition, but do not justify its contention of the right of the grantees of the original owner, who were not connected with the property subservient to the way, to use the easement so as to not unreasonably interfere with the right of other persons entitled to its use.

In Herman v. Roberts, 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. Rep. 800, the grantor of a right of way was held to be entitled to use the premises in question in "such manner as should not materially obstruct passage or injure the roadbed. * * *" That case did not hold that such grantor could permit other persons to use the easement.   On the contrary, it recognized the right of the owner of the easement "to exclude strangers from its use."

In Low v. Streeter, 66 N. H. 36, 20 Atl. 247, 9 L. R. A. 271, the grantor of a common easement was justified in constructing a basement entrance from the alley in use into his building, so as to extend about four inches into the passageway.   It was held that this was consistent, under the circumstances, unnecessary here to detail, with the rights and benefits of other persons beneficially entitled and with the reasonable use of the way, which remained in the owners whose land was burdened with the right of way.

In Morgan v. Boyes, 65 Me. 124, A. and B. owned adjoining lots purchased of the same proprietor.   He covenanted with A. to open a way on both sides of both lots to the public street for A.'s use, and then gave B. verbal permission to use it also.   A. obstructed B.'s entrance thereto, and brought trespass quare clausum fregit against B. for removing the obstruction.   It was held that the action would not lie.

It is well settled that the use of a privilege, like an easement, should not be extended by legal construction beyond the objects originally contemplated or expressly agreed upon by the parties.   Shoemaker v. Cedar Rapids, I. F. & N. W. R. Co., 45 Minn. 366, 48 N. W. 191; Jamison v. McCredy, 5 Watts & S. 140; Commissioners v. Wood, 10 Pa. St. 93, 97, 49 Am. Dec. 582; Shroder v. Brenneman, 23 Pa. St. 348; Salisbury v. Andrews, 19 Pick. 250; 17 Cent. Dig. col. 1901,

§ 115. And see Lawton v. Joesting, 96 Minn. 163, 104 N. W. 830. Its nature and extent are to be determined by an examination of the agreement creating it, under appropriate rules of construction, and of the situation of the lands to which it is claimed to be appurtenant. The deeds in this case, which created the right of way, expressly provided that it was to be used

> In common with other owners of said above described lot [lot 4], their heirs and assigns, and in common with the present owners of the east half of lot  *  *  *  13 and of the west half of lot 14.

This agreement involves the application of two elementary general rules of construction, namely, that a grant is to be construed favorably to the grantee (Clark, Cont. 593) and that "Expressio unius est exclusio alterius" (Broom, Leg. Max. 651), and the application of a more specific one, namely, that a grant of an easement in gross is never presumed when it can fairly be construed as appurtenant to some other estate (Washburn, Easem. pp. *29, *161; Winston v. Johnson, 42 Minn. 398, 402, 45 N. W. 958). Its terms contemplated, and as against the grantor or his successors in interest compel the opinion that in favor of the grantees it restricted, the use of the way to the properties therein described, and that it permitted no other use. Those terms determined who was to use the easement as clearly as they defined the physical extent of the way. They necessarily excluded use by other parties. The natural construction of the words employed makes the easement not in gross, but appurtenant to the lands described. Only by unfair perversion of their ostensible meaning and expressed purpose could the grant be regarded as creating a general personal right in any party.

This conclusion conforms also to the occasion. The limitation of the way as appurtenant to such properties only is reasonable because of the situation of the premises, which has been previously set forth. As was said by Gibson, C. J., "that judge of great and enduring reputation," in a similar case (Kirkham v. Sharp, 1 Whart. 323, 29 Am. Dec. 57): "To make the alley an appurtenance to what it was not at the time of the purchase would be a fraud upon

the contract." There was full notice in this case to third persons. Neither they nor the original owner had more right in any manner, reasonable or unreasonable, to impinge upon the plaintiffs' right than to trespass upon any of his other private property. "To grant others than the owners of these lots rights of way would be to grant obstructions of those * * * already granted." Devens, J., in another similar case, Greene v. Canny, 137 Mass. 64, 68. And see Dawson v. St. Paul F. & M. Ins. Co., 15 Minn. 102 (136), 2 Am. Rep. 109; McNeal v. Rebman, 168 Pa. St. 109, 31 Atl. 1002; Ellis v. Academy, 120 Pa. St. 608, 15 Atl. 494, 16 Am. St. Rep. 739; Lewis v. Carstairs, 6 Whart. 193, 206.

This conclusion renders it unnecessary to consider the other questions upon the merits presented by the record. The trial court properly refused to allow as disbursements $25 paid for survey and plats of the premises in question, and $30.45 for an abstract of title to such premises. Both the plat and abstract were convenient. Neither were necessary. Hoyt v. Jones, 31 Wis. 389, 394.

Judgment reversed.