## JAMES B. ROBERTSON ET ALS.
### vs.
## THE SUNDERLAND CONSTRUCTION CO. ET ALS.

Superior Court      Fairfield County      File No. 55998

MEMORANDUM FILED APRIL 22, 1940.

*Pullman & Comley,* of Bridgeport, for the Plaintiffs.

*Curtis, Brinckerhoff & Barrett,* of Stamford, and *Harry Sherwood,* of Westport, for the Defendants.

BALDWIN, J. Beginning on April 9, 1929, and concluding on September 9, 1929, the named defendant, by five warranty deeds from various grantors, acquired a tract of land containing some 30½ acres, located in Westport, for the purpose of dividing it into building lots and selling them. The northerly and westerly portion of this tract is substantially 1600 feet long and 300 to 400 feet wide, substantially oblong in shape and it includes approximately one-half of the total area of the tract. The other portion of the tract is southerly of the easterly part of that portion of the tract just referred to and is contiguous thereto. This part of the tract is more nearly square in shape, being substantially 900 feet long and substantially 850 feet wide.

A narrow strip of land, 30 feet wide, 281.17 feet long on the northerly side, and 285.24 feet long on the southerly side, con

nects Compo Road with the portion first referred to at its southwesterly corner. This narrow strip and all of the land located in the portion first referred to (excepting approximately two acres located within the easterly part of this portion) includes 12.97 acres and was acquired by the named defendant from C. Eloise Thomas, Harriet V. Thomas and the defendant, Lizzie M. Thomas, by warranty deed, April 11, 1929, plaintiffs' Exhibit C and defendants' Exhibit 3. This portion of the tract is shown on a map, plaintiffs' Exhibit B and defendants' Exhibit 6.

This deed includes the following restrictions: "That portion of the premises above described extending from the Westerly line of said premises to the first stone wall Easterly therefrom, which extends from land formerly of Bennett to land formerly of Furber, and being in quantity two and one-half acres, more or less, shall be subject to the following restrictive covenants and agreements, which shall run with the land and be binding upon the grantee, its successors and assigns forever, viz.: that said plot shall be used for private residential purposes only; and that not more than four single family private dwellings shall be erected or maintained thereon, the first cost of each of which dwellings shall be not less than $15,000; and that no part of said premises shall be used for any purpose that may be unwholesome or a nuisance to neighboring inhabitants."

After the conclusion of the taking of the testimony of the witnesses the court, with counsel, viewed the tract of land and Dogwood Lane, a private road, the right to the use of which and the granting of the use of which by the defendants Lizzie M. and William M. Thomas and Mary C. Munson and the granting of the use of which by the named defendant to any person except in immediate connection with the entire tract is the subject of this action.

This tract lies out in the country, not far from Long Island Sound. Its surface is rough and uneven. From some of its elevations view may be had of the sound. Very little, if any, of it has ever been improved by cultivation or otherwise except such improvements as have been made since the named defendant acquired it and divided it into building lots and such improvements as have been made upon some of the lots.

In 1930, the construction company laid out the private road, Dogwood Lane. It is 30 feet wide and substantially one-half mile in length. It runs easterly from Compo Road 181.17 feet,.

along the southerly side of the defendants Thomases' property and thence 100 feet along the southerly side of the property of the Mary C. Munson estate. The road then continues easterly, bearing left then bearing right continues easterly, and then bearing more to the right continues southerly or somewhat southeasterly, then bearing left it continues southeasterly, then bearing right it continues southerly and then bearing somewhat right it continues southerly or somewhat southwesterly to its easterly terminus where its runs into Greenacre Lane.

The construction company has conveyed lots to ten different grantees and it now owns about one-half of the original tract it acquired. The lots are not of uniform shape or size; for the most part they include somewhat more than one acre of land. Five of the grantee's deeds include covenants which run with the land restricting the use of the land to private residential purposes and against subdivision of the property for sale or transfer without the written consent of the grantor.

Each of the grantee's deeds include a covenant to pay four per cent of the cost of maintenance of the private road—Dogwood Lane—except one, Grace Hoffman White, who owns three and three-quarters acres and is obligated to pay fourteen per cent of the cost of such maintenance.

To each grantee a right of way over Dogwood Lane has been conveyed. The language employed in the restrictive covenants and in conveying the rights of way over Dogwood Lane is not uniform. The rights of way conveyed in some deeds is from the easterly boundary of the land conveyed, westerly to Compo Road, while in other deeds it is a right of way over the entire private road. In each deed, however, the grantor has conveyed the right of way in common with the grantor or others to whom a right of way has been or may be hereafter conveyed.

During the negotiations leading to the purchase by the construction company of that portion of the tract from the Thomases consisting of the 12.97 acres, and at the time of the consummation of that purchase and the conveyance of that land, the Thomases had insisted that they should have a right of way over Dogwood Lane and the construction company agreed that when Dogwood Lane was laid out and constructed it would convey to them such right of way and on various occasions after that conveyance the construction company, recognizing its agreement to convey such right of way, renewed such promise and on December 16, 1937, it conveyed to the

defendants, Lizzie M. and William M. Thomas, a right of way over Dogwood Lane leading in a general westerly direction from the Thomas land to Compo Road.

The Thomas property lies between Compo Road and the westerly boundary of the 12.97 acres tract and was bounded southerly by Dogwood Lane 281.17 feet, and easterly by the plaintiff Ulmer's property 308.91 feet.

On April 26, 1938, the defendant Lizzie M. Thomas conveyed to Mary C. Munson, who has since this action was brought deceased, a lot bounded southerly 100 feet by Dogwood Lane and easterly 100 feet by land of the plaintiff Ulmer, the other two dimensions being 100 feet each with a right of way over the private road (Dogwood Lane) in common with others to whom a similar right has been or may thereafter be granted to Compo Road. The deed conveying this property to Mary C. Munson included a covenant running with the land which provided: "Only one single family dwelling house with usual outbuildings for residential property shall be erected on said premises."

It is to enjoin the defendants Thomas and Munson from using and from conveying a right of way in Dogwood Lane and also to enjoin the construction company from conveying "to any except in immediate connection with the entire tract" a right of way in Dogwood Lane that this action was brought, the claim being that a right of way appurtenant to the Thomas property and to that part of the Thomas property which now is owned by the estate of Mary C. Munson imposes a heavy burden upon Dogwood Lane, increases the hazard in its use, reduces in value the plaintiffs' properties and that the construction company could convey no right of way over Dogwood Lane to be enjoyed by the Thomas property or that could be conveyed and enjoyed by the Munson property.

The plaintiff Ulmer acquired his property September 29, 1930. His lot is located at the westerly end of the entire tract, adjoining the Thomas and Munson properties. It contains 1.21 acres and is a part of the restricted area earlier referred to. His deed also includes restrictive covenants running with the land which provide that the "premises shall be used for private residential purposes only (and) shall not be subdivided for sale or transfer without the consent in writing of the grantor, his heirs or assigns." He also assumed four per cent of the cost of maintenance of Dogwood Lane.

His deed conveyed a right of way in Dogwood Lane in the following language: "Together with an easement of way for all lawful purposes, over and across said private road, to and from Compo Road, in common with the grantor and others, throughout its entire length."

Ulmer's grantor was Morris Downs, whose grantor was the construction company. The right of way granted to Downs was from the easterly boundary of the Ulmer land westerly to Compo Road.

The plaintiffs Robertson acquired their property June 1, 1934. It is next easterly of the Ulmer property and includes a little less than one acre and is also in the restricted area earlier referred to. This land was conveyed subject to "restricted covenants and agreements appearing of record."

The deed conveying this property to these plaintiffs included a right of way in the following language: "Together with a right of way in either direction, for all purposes, in common with others to whom said right has been or may hereafter be granted through, over and upon said private road, Dogwood Lane, as now laid out, from the southeasterly boundary line of said Plot B westerly to said Compo Road." Plot B is a map of the Robertson land which is on file in the Westport town clerk's office.

These grantees also assumed four per cent of the cost of maintenance of Dogwood Lane.

As to the claims of the plaintiffs that the right of way to the Thomas property and to the Munson property imposes or will impose a heavy burden upon Dogwood Lane or that the use of the right of way will increase the hazard in its use, or that the use of the right of way will decrease the value of either of the plaintiffs' properties, I can find no merit. When these plaintiffs purchased there was no restriction upon any of the Thomas property; now, that part of the Thomas property owned by the Munson estate, a lot 100 feet by 100 feet, is restricted to accommodate "one single family dwelling house with usual outbuildings for residential property." The right of way which can be used in connection with these properties (Thomas and Munson) cannot exceed in length 281.17 feet, the length of the southern boundaries of the properties.

To deny the right to the use of a right of way over Dogwood Lane in connection with the Munson property and require a

right of way from the Munson property over and across the Thomas property to Compo Road—which of necessity would result from such denial—would seriously disfigure the Thomas property, would greatly depreciate the value of that property and would be a real inconvenience to the users of both of those properties, while the rights of way over Dogwood Lane is a real convenience to the users of both properties and imposes upon these plaintiffs or their rights of way no actual appreciable burden and does not affect the value of their lands nor the attractiveness of their homes.

When these plaintiffs purchased their lots there was no map on file in the town clerk's office that showed this area other than the boundaries of the area and the location of Dogwood Lane therein. From such map or maps as were on file or used, so far as appears in the evidence, the inference reasonably and readily to be drawn is that rights of way were appurtenant to the Thomas and Munson properties over Dogwood Lane, and a viewing of the situation strengthens that condition. In the negotiations leading to the purchase by the plaintiffs of their properties nothing occurred or was said that indicated in any way that the right of way was not to be enjoyed in connection with the entire Thomas property.

The construction company in conveying to these plaintiffs and to other purchasers, recognizing its obligation to convey a right of way to the owners of the Thomas property, created at the time it acquired the land from them and as a part of the transaction, conveyed the rights of way of these plaintiffs subject to such rights in common as it had or in the future might convey to others. It reserved the fee and it had the right to convey the right of way in question to the defendants Thomas and the defendant Lizzie M. Thomas had the right to convey to Mary C. Munson the right of way over Dogwood Lane to Compo Road.

The easement of a way conveyed to these plaintiffs was not exclusive. Whether an easement is or is not exclusive depends on the nature of the occasion for the easement, the use shown, and the terms of the instrument by which it was created. *Thompson vs. Germania Life Ins. Co.*, 97 Minn. 89, 106 N.W. 102.

The plaintiffs are not entitled to the relief they seek. Judgment may enter for the defendants.