CHEMICAL BANK *v.* BERNADETTA CISZEWSKA

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 268953
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed January 8, 1985

*Parrett, Porto, Parese, Pinkus & Colwell,* for the plaintiff.

*Joseph Neiman,* for the defendant.

M. HENNESSEY, J. The plaintiff alleges that Tours by Irene, Inc., executed a promissory note in favor of the plaintiff. The defendant personally guaranteed payment of the note. Subsequently, Tours by Irene, Inc., allegedly defaulted on the note and the plaintiff brought

this action against the defendant as guarantor. The defendant moves to strike the complaint for failure to name a necessary and indispensable party.

Section 42a-3-416 (1) of the General Statutes provides: " '[p]ayment guaranteed' or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party." When the agreement is an absolute guarantee, the plaintiff is entitled to proceed to enforce it without first exhausting its remedy against the maker. *Bronx Derrick & Tool Co.* v. *Porcupine Co.*, 117 Conn. 314, 318–19, 167 A. 829 (1933). The guaranty agreement in question provides: "the undersigned hereby guarantees, absolutely and unconditionally, to the Bank the payment of all liabilities of the Borrower to the Bank."

The defendant argues that the maker of the note, Tours by Irene, Inc., is an indispensable party. An indispensable party is a person who not only has an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. *Standard Mattress Co.* v. *Hartford*, 31 Conn. Sup. 279, 288, 329 A.2d 613 (1974). In the present case, the guaranty agreement is the type covered by § 42a-3-416 (1). As such there is no need to proceed against the maker of the note.

Accordingly, the motion to strike is denied.