[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PREJUDGMENT REMEDY
The plaintiff, Bank of Boston Connecticut, moves for a determination of probable cause, issuance of additional prejudgment remedies and for prejudgment disclosure of property and assets. The defendants move to dissolve and vacate the prejudgment remedy, consisting of ex parte attachments and garnishments of defendants' properties, because plaintiff failed to give the notice and opportunity for hearing required by the United States Constitution.
In the first count of the complaint, plaintiff sues the defendants as partners of 142 Temple Street Associates (hereinafter Associates) on a promissory note in the amount of $3.6 million, signed by Arthur T. Barbieri, Trustee, and in the second count, sues Arthur T. Barbieri (hereinafter Barbieri) personally on that note.
At the hearing, this court found the facts as follows: The promissory note was signed by Barbieri as trustee, but also as agent for Associates, of which all the individual defendants are partners. The note was entered into contemporaneously with a mortgage deed on 142 Temple Street, New Haven, securing said note, and a guaranty signed by some but not all of the partners of Associates.
The note provides: "This Note is issued pursuant to certain agreements, documents and instruments of even date herewith (hereinafter referred to collectively as the Loan Documents) by and between the Maker and Bank, to which Loan Documents reference is hereby made for a more particular statement of certain representations, warranties, covenants and agreements of the Maker and for events of default." Attached to the note was a waiver of notice and hearing for prejudgment remedy, signed by defendants and providing that the proceeds of the loan shall not be used for personal, family or household purposes, the signers waive all rights under Chapter 903a of the Connecticut General Statutes, and agree that the plaintiff may invoke any prejudgment remedy, including garnishment or attachment, without giving notice or opportunity for hearing.
The guaranty, signed by some but not all of the defendants, provides that if the borrower [Associates] shall fail to pay the note, the guarantors, on demand from the bank, will pay said obligation. It further provides: "Lender shall, prior to any CT Page 5709 such demand on, or payment by, the undersigned, make demand upon the Borrower with respect to the payment of any of the Liabilities, and shall make a reasonable effort to pursue its rights or remedies with respect to the collateral securing the Liabilities." (Underlying added).
Plaintiff has made no effort to foreclose the mortgage on 142 Temple Street or to pursue any other remedy with respect to that collateral. Rather, plaintiff sues on the note alone, seeking no recourse on the mortgage or on the guaranty.
The court finds that as of the date of the hearing on March 11, 1991, the note is in default and the amount due and owing on it, including principal, interest and late charges, was $3,610,455.10.
Defendants argue that they are not liable for that amount because the plaintiff has not first sought recourse against the mortgaged property as required by the guaranty. The defendants correctly state the law: "Where there are multiple writings regarding the same transaction, the writings should be considered together to determine the intent of the parties." Mongillo v. Commissioner of Transportation, 214 Conn. 225, 229
(1990).
In this case, furthermore, several defendants testified they would not have entered into the transaction but for their reliance upon the guaranty provision that the bank would first look to recover the debt against the mortgaged property.
Although the loan documents are to be considered together, they are still separate documents and serve different purposes. The note refers to these documents but it does not incorporate their terms into the note. Specifically, the note does not provide for non-recourse against the makers personally, nor that the payee will look to the security only, provisions which are commonly in mortgage notes when these objectives are agreed upon.
Just as plaintiff may pursue its remedy at law on the mortgage note or pursue its remedy in equity upon the mortgage, because they are recognized as separate and distinct causes of action, Hartford National Bank v. Kotkin, 185 Conn. 579, 581
(1981), so plaintiff may sue on the note or on the guaranty because they are separate and distinct causes of action. Alling Paper Co. v. Masseman, 31 Conn. Sup. 154, 156 (1974); Chemical Bank v. Ciszewska, 40 Conn. Sup. 236 (1985).
This court thus concludes that plaintiff has shown probable cause to sustain the validity of its claim against all the CT Page 5710 defendants on the first count and against defendant Barbieri on the second count.
Defendants, nevertheless, assert that the prejudgment remedy should be vacated and dissolved because plaintiff's ex parte attachments and garnishments of defendants' properties violated defendants' constitutional rights. In Pinsky v. Dunkin,898 F.2d 859 (2nd Cir. 1990) the court held that Connecticut's prejudgment remedy statute, Section 52-278e(9)(1), providing for an attachment of real property, was constitutionally defective because it dispensed with notice and opportunity for hearing until after the attachment and without a showing of extraordinary circumstances. See also Fairmont Division v. Smith, 178 Conn. 393-397-398 (1979).
Pinsky, however, did not implicate Section 52-278f which provides that in an action upon a commercial transaction, wherein the defendant has waived his right to notice and hearing, "the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order. . . ."
There is no question constitutional rights can be waived. They may be waived in a criminal context where personal liberty is at stake. Illinois v. Allen, 397 U.S. 337, 342-43
(1970) (right to be present at trial); Rogers v. United States,340 U.S. 367, 371 (1951) (right against compulsory self-incrimination). They may be waived in a civil matter when property rights are affected. D.H. Overmyer Co. v. Frick Co.,405 U.S. 174, 185 (1972); Swarb v. Lennox, 405 U.S. 191 (1972). Both of these cases involved the constitutionality of statutes authorizing cognovit notes. These are notes in which the maker agrees in advance that in the event of a default, the holder can obtain judgment without notice or hearing. The Supreme Court upheld the constitutional validity of the statute, noting in Overmeyer, supra, p. 185, "The due process rights to notice and hearing prior to a civil judgment are subject to waiver."
The waiver of notice and hearing in this case was signed by defendants. They were at the time represented by counsel. The transaction involved financing a commercial building. The court infers from all the circumstances that defendants intentionally and knowingly executed the waiver with full awareness of its consequences.
Thus, this court concludes Section 52-278f is constitutional, the defendants effectively waived their rights to notice and opportunity for hearing, and plaintiff legally attached and garnished defendants' properties.
Plaintiff seeks the right to additional prejudgment CT Page 5711 remedies. Since the hearing did not reveal the value of defendants' properties that plaintiff already has under attachment and garnishment, this court cannot rule on that request.
Probable cause is found on plaintiff's case and plaintiff's motion for prejudgment disclosure of defendants' property and assets is granted. Defendants' motions to vacate or dissolve plaintiff's prejudgment remedies are denied.
SATTER, J.