[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STAY.
In this foreclosure action, the plaintiff seeks to foreclose a mortgage deed on residential property owned by the named defendants at 22 Will Merry Lane in Greenwich. The mortgage was purportedly granted to secure to the extent of $300,000 the obligations of ARD Mount Olive Associates, L.P. under a note of November, 1989 in the principal amount of $4,900,000. The mortgage is dated November 2, 1989 and is signed by the defendants.
In the first count of the complaint, the plaintiff bank alleges that the defendant, Patrick E. Law, had, in writing, unconditionally guaranteed payment of a loan made by the plaintiff to ARD Mount Olive Associates, L.P., in the principal sum of $4,900,000. The mortgage deed was granted to secure $300,000 of the defendant Patrick Law's guarantee. The plaintiff claims that ARD Mount Olive Associates, L.P., has defaulted on its payment obligations under the loan and the full loan has been accelerated. The plaintiff claims that Patrick Law has defaulted under his guarantee of payment. The plaintiff seeks judgment under the guarantee against Patrick Law and, in the second count, seeks to foreclose the mortgage given to secure a portion of that guarantee.
The defendants' basis for their motion to stay this foreclosure action is that the same principal debt of ARD Mount Olive Associates, L. P. to North Side Savings Bank is involved in an action pending in New Jersey before the Superior Court of New Jersey, Law Division, Morris County under the docket number and name: MRS L 2323 90 North Side Savings Bank v. ARD Mount Olive Associates, L.P. et al. There is a second New Jersey action under the docket number and title: MRS F 6344 90 North Side Savings Bank v. ARD Mount Olive Associates, L.P. et al. in which the plaintiff seeks to foreclose on a mortgage securing the ARD loan. Moreover, the principal obligation of ARD Mount Olive Associates, L.P. is secured by 169 acres of real property in New Jersey with a an approximate market value in excess of $20 million dollars and against which are only liens of approximately $11.45 million dollars, including the plaintiff's lien.
The defendants assert that the mortgage in the present CT Page 5136 action was intended to and was stated to be a collateral undertaking by the defendants. They claim the resolution of the New Jersey action would determine to what extent the plaintiff is entitled to a satisfaction of its claim and the extent to which it has been satisfied. They believe that resolution is likely to make the instant action moot.
 I.
The plaintiff bank asserts that it has a right to proceed with foreclosure of the instant mortgage because the guarantee executed by the defendant Patrick Law is a guarantee of payment.
The guaranty signed by Patrick Law reads in pertinent part:
 This Guarantee is a guarantee of payment and not of collection, and except as expressly set forth herein, the Bank shall be under no obligation to take any action against [ARD] or any other person liable with respect to any of the Obligations or resort to any collateral security held by it to secure any of the Obligations as a condition precedent to the undersigned being obligated to perform as agreed herein. . .
Since the instant action is brought under a guarantee of payment, the plaintiff asserts it may bring an action against the guarantor without completing its action against the principal. This action therefore should not be stayed pending resolution of the action in New Jersey. The defendant Law explicitly agreed that the Bank could proceed against him without first resorting to the principal, ARD.
In Bronx Derrick Tool Co. v. Porcupine Co., 117 Conn. 314,319, 167 A.2d 829 (1933), the court stated: "[w]hether the agreement be regarded as an independent one or as an absolute guaranty, the plaintiff is entitled to enforce it without first exhausting its remedy against [the principal]." In Chemical Bank v. Ciszewska, 40 Conn. Sup. 236, 237, 488 A.2d 849 (1985), the court stated: "when the agreement is an absolute guarantee, the plaintiff is entitled to proceed to enforce it without first exhausting its remedy against the maker [of the note]."
 II.
The defendants counter that this court may exercise its equitable powers to stay these proceedings until the New Jersey claims are resolved. It would be inequitable to allow a foreclosure to proceed against the home of the defendant Rebecca G. Law, whose only involvement was to execute the CT Page 5137 mortgage on her home.
The defendants cite as authority for this claim, the following:
"[a]n action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties.: Glotzer v. Keyes, 125 Conn. 227, 231, 5 A.2d 1
(1931); Beach v. Isacs, 105 Conn. 169, 176, 134 A. 787 (1926); "Because a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to insure that complete justice is done." Reynold v. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982); See also, Hartford Federal Savings Loan Association v. Lenczyk,153 Conn. 457, 217 A.2d 694 (1966). The supreme court has recently reaffirmed this principal holding that "[i]n a foreclosure proceeding, the trial court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee, but also . . . to the owner." Fidelity Trust v. Irich, 206 Conn. 484, 490, 538 A.2d 1027 (1988).
The Appellate Court of Connecticut in a judgment lien foreclosure proceeding, First New Haven National Bank v. Rowas,2 Conn. App. 114, 118, 476 A.2d 1079 (1984), held that "[a]n action of foreclosure is an equitable action. . . A trial court has discretion after a review of the equities to withhold foreclosure." See also, Hamm v. Taylor, 180 Conn. 491,429 A.2d 946 (1980), "[w]e affirm that a trial court in foreclosure proceedings has discretion on equitable considerations and principles, to withhold foreclosure or to reduce the amount of stated indebtedness." "Equity may nonetheless afford relief to a mortgagor who can prove that equitable circumstances require withholding of foreclosure or reduction of the amount of stated indebtedness." Olean v. Treglia, 190 Conn. 756, 771,463 A.2d 242 (1983).
The court has examined these cases. It would appear that except for the repetition of the concept that the court has the equitable power to withhold foreclosure or reduce the amount of the indebtedness where warranted, most of the language cited is dicta in these cases or the cases were resolved contrary to the claim of the defendants.
 III.
The plaintiff has supplied a rationale for not staying the proceedings from the case of National Bank of Detroit v. United States, I Claims Court 712, 715 35 U.C.C. Rep. Serv. 1228 (1983), where the defendant guarantor sought to stay the action CT Page 5138 pending the resolution of a prior action against the principal. The court stated, in rejecting the defendant's claims:
The relationship between a lender and a guarantor is unusual in that the question of whether an action may be maintained on the guaranty without first exhausting legal remedies against the borrower is generally a significant, bargained-for provision of the guaranty contract . . . The law is clear, however, that unless the contract provides that suit on the guaranty is conditioned on exhaustion of remedies against the borrower, the lender may sue on the guaranty without first bringing an action on the note . . . The ability to sue the guarantor immediately gives the lender a variety of advantages. Depending on terms of the guaranty, the guarantor may or may not be able to raise the same defenses as the borrower. The action on the guaranty may proceed more quickly than the action on the note, leading, perhaps, to a more expeditious repayment of the money plaintiff claims is owed to it. An action against a guarantor may be less complicated, involve fewer parties and therefore be less costly to litigate than an action against the borrower. An action on the guaranty may even be maintainable where the action on the underlying loan is barred . . . A stay of proceedings in this court would vitiate all of these benefits to which the plaintiff is entitled under the guaranty agreement. Had defendant wished to assure this result, it could have written the terms of the guaranty so that suit thereon would be conditioned upon exhaustion of the bank's remedies against the borrower or the collateral. It did not. The court must conclude that the unconditional nature of defendant's obligation was a bargained-for term of the guaranty contract and constituted an inducement for the bank to make the loan . . . A stay of proceedings would effectively change the terms of the bargain; by precluding the bank from proceeding on the guaranty independent of its action on the underlying loan.
Moreover, the plaintiff notes that there is no identity of the parties between the instant action and that in New Jersey, and a stay is therefore inappropriate. The action in New Jersey was brought by North Side against ARD, Cenvill Investors, Inc. and the State of New Jersey. The defendants are not parties in the New Jersey action nor are the defendants in the New Jersey action parties to this action. Under such facts, a motion to stay in not appropriate and should be denied. See, Chesire v. Fennell, 626 F. Sup. 357 (D.Conn. 1986) (motion to stay second action denied where plaintiff in first action not a party to second action, and first action included a defendant not made a party to the second action); Zucker v. Vogt, 200 F. Sup. 340,344 (D.Conn. 1961), aff'd, 329 F.2d 4226 (2d Cir. 1964) (motion to stay second action denied where defendants to first action not made parties to second action). CT Page 5139
 IV.
Finally, in this court's opinion the motion is premature. The defendants have disclosed defenses which attack the validity of the guaranty and of the mortgage and which may resolve this issue regardless of the status of the New Jersey action. The plaintiff as well as the defendants should have the issues raised by the defenses resolved. If the trial court determines that a foreclosure of the mortgage is a valid relief, the issue of a stay or extension of the foreclosure might then be raised.
The motion to stay these proceedings is denied.
NIGRO, J.