[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE
On August 16, 1994, the plaintiff, Union Trust Co., filed a two count complaint. Count one seeks both the foreclosure of property owned by the defendants S. Richard Whittier and Valerie O. Whittier (the Whittiers) and a deficiency judgment.[1] Count two seeks a deficiency judgment against Thomas F. Whittier.
The complaint alleges the following facts: On March 21, 1990, Union Trust Co. loaned the Campus Store $850,000.00. At the same time, S. Richard Whittier executed and delivered an "all purpose guarantee," in which he guaranteed payment of any present and future obligations of the Campus Store (the all purpose guarantee). At the same time, Valerie O. Whittier executed and delivered a limited purpose guarantee, in which she also guaranteed payment of any present and future obligations of the Campus Store (the limited guarantee), but her guarantee was limited to her interest in real CT Page 8346 property at 315 Shrub Oak Lane, Fairfield, CT (the property). Also, on March 21, 1990, S. Richard Whittier and Valerie O. Whittier executed a mortgage deed (mortgage) on the $850,000.00. A copy of each of these documents (the loan, the two guaranties, and the mortgage) was attached to the complaint.
On November 2, 1990, Union Trust Co. replaced the Campus Store's $850,000.00 loan with a revolving loan with one million dollars as principal. On May 31, 1991, Union Trust Co. and S. Richard Whittier and Valerie O. Whittier modified the mortgage. The new open-end mortgage modification agreement secured the increased obligations and reflected the change from the $850,000.00 loan, which was a term debt, to the one million dollar loan, which was a commercial revolving loan. These documents were also attached to the complaint.
On or about July 21, 1992, Union Trust Co. increased the loan to Campus Store to the sum of $1,300,000.00. On or about the same date, S. Richard Whittier and Valerie O. Whittier executed another mortgage on the property to reflect a principal sum of $1,300,000.00. These documents are also attached to the complaint.
The Campus Store defaulted on its obligations under the loan. On January 26, 1993, Union Trust Co. entered into an agreement modification with the Campus Store, S. Richard Whittier, Valerie O. Whittier, Thomas F. Whittier and Paul Whitney. In the agreement modification, S. Richard Whittier, Valerie O. Whittier, Thomas F. Whittier and Paul Whitney confirmed that each is jointly and severally liable to Union Trust Co. for the full amount of the Campus Store's debt.
When the complaint was filed, the debt owed was $85,285.38. The principal was $77,579.35; the remainder was interest and late fees. The interest continues to accrue.
On December 20, 1994, S. Richard Whittier and Valerie O. Whittier filed an answer, five special defenses and two counterclaims. The first special defense alleges accord and satisfaction. The second special defense alleges that Valerie O. Whittier has satisfied her limited guaranty because the amount of her interest in the property has been paid to Union Trust Co. The third special defense alleges that the mortgage that the Whittiers gave to secure the $1,000,000.00 loan lacked consideration. The fourth special defense alleges that Union Trust Co. violated the covenant of good faith and fair dealing by charging excessive CT Page 8347 finance charges or installing its agent at the place of business of the Campus Store. The fifth special defense alleges that Union Trust Co. violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq., in the same ways that it violated the covenant of good faith and fair dealing. The first and second counts of the counterclaim are predicated upon the Whittiers' fourth and fifth special defenses, respectively.
On February 27, 1995, Union Trust Co. filed a motion to strike each of the five special defenses and both counts of the counterclaim. Union Trust Co. also filed a memorandum of law in support of its motion to strike. On April 21, 1995, the Whittiers filed an objection to the motion to strike and a memorandum of law in opposition.
I. Standard for motion to strike
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [non-moving party]." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS,Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985).
"`Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.'" Bouchard v.People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991), quoting Practice Book § 152.
II. Special defenses
 A. First special defense: accord and satisfaction
In their first special defense, the defendants allege that "there has been an accord and satisfaction." In their motion, CT Page 8348 Union Trust Co. states that this special defense must be stricken because the allegations "are merely conclusory and the defense fails to adequately allege the elements of an accord and satisfaction."
Union Trust Co. proposes three ways in which the first special defense is deficient. First, Union Trust Co. argues that the first special defense lacks necessary material facts, such as the material terms of the alleged accord, the identity of the parties entering into the alleged accord, and the nature of the performance of the satisfaction. Second, citing State National Bank v. Dick,164 Conn. 523, 529, 325 A.2d 235 (1979) and Thermoglaze, Inc. v.Morningside Gardens Co., 23 Conn. App. 741, 745, 583 A.2d 1311, cert. denied, 217 Conn. 811, 587 A.2d 153 (1991), Union Trust argues that a modification of an agreement requires valid consideration. Third, the alleged accord should have been in writing to comply with statute of frauds, General Statutes § 52-550(a)(4).
In their memorandum of law, the Whittiers argue that their first special defense is sufficient to withstand a motion to strike. The Whittiers claim that if they do not owe any money, as they allege in their special defense, then their special defense is valid.
"`An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed.' The defense of accord requires that the defendant allege and prove `a new agreement with a new consideration.' Crucible Steel Co. v.Premier Mfg. Co., 94 Conn. 652, 656, 110 A. 52 (1920)." (Citation omitted; internal quotation marks omitted.) Gillis v. Gillis,21 Conn. App. 549, 552, 575 A.2d 230 (1990).
The Whittiers have not alleged any new agreement that could constitute an accord. Even if they had, the Whittiers also have not alleged how they satisfied the accord. Accordingly, the court grants the motion to strike the first special defense alleging accord and satisfaction.[2] Because the first reason offered by Union Trust Co. is dispositive, the court does not have to consider the other reasons set forth by Union Trust Co.
B. Second special defense: fulfillment of obligation
In her second special defense, Valerie O. Whittier alleges CT Page 8349 that she "has satisfied the terms of her Limited Guaranty insofar as an amount equal to the value of her interest in the real property encumbered by the $850,000.00 Mortgage described in paragraph 8 of the Complaint has already been paid to the Plaintiff, all in accordance with the terms of the Limited Guaranty."
Union Trust Co. argues that this special defense should be stricken because it does not plead certain essential elements such as who made the payments. Citing Chemical Bank v. Ciszewska,40 Conn. Sup. 236, 237, 488 A.2d 849 (1985, Hennessey, M., J.), Union Trust Co. claims that it may proceed against Valerie O. Whittier up to the amount of her guarantee regardless of the obligations of any other guarantor.
Valerie O. Whittier argues that because an amount exceeding the value of her interest in the property has been paid, she has satisfied the terms of her limited guaranty. Whittier also argues that the motion to strike this special defense raises a question of fact that cannot be decided on a motion to strike.
The second special defense is legally insufficient because it lacks an allegation of who paid the amount that Valerie O. Whittier claims to owe. Valerie O. Whittier should inform Union Trust Co. precisely who paid the debt.
C. Third special defense: lack of consideration
In the third special defense, the Whittiers allege that the open-end modification agreement for $1,000,000.00 fails because there is no consideration.
Union Trust Co. argues that this special defense should be stricken. Union Trust Co. argues that the mortgage it seeks to foreclose upon — the $1,300,000.00 mortgage — is a different mortgage than the mortgage alleged in the Whittiers' third special defense. The Whittiers did not respond to the motion to strike this special defense.
The Whittiers allege in their third special defense that "[a]s to the Open-End Modification Agreement alleged in paragraph 11 of the Plaintiff's Complaint, there is a failure of consideration and, therefore, the Plaintiff is barred from the relief requested in its Complaint." CT Page 8350
A perusal of paragraph 11 of Union Trust Co.'s complaint along with the Open-End Mortgage Modification Agreement attached to the compliant reveals that the Whittiers are attempting to attack a different mortgage than the mortgage Union Trust Co. seeks to foreclose upon. The court accepts Union Trust's argument and the motion to strike the third special defense is granted.
D. Fourth special defense: covenant of good faith
In the fourth special defense, the Whittiers allege that Union Trust violated the covenant of good faith and fair dealing in one or more ways: (1) charging the defendants excessive finance charges or (2) by installing an agent or employee at the place of business of the Campus Store. According to the Whittiers, the presence of the agent or employee undermined the efforts to do business.
Union Trust proposes two reasons for striking the fourth special defense. First, citing Bristol Savings Bank v. Miller,7 Conn. L. Rptr. 517 (November 30, 1992, Aurigemma, J.); NortheastSavings, F.A. v. Dunst, 6 Conn. L. Rptr. 333 (May 18, 1992, Nigro, J.); Lafayette Bank Trust Co. v. Jarvis, 5 Conn. L. Rptr. 49
(October 14, 1991, Spear, J.), Union Trust Co. argues that a breach of the implied covenant of good faith and fair dealing is not a defense to a foreclosure action.
Second, citing Shoreline Bank Trust v. Leninski,8 Conn. L. Rptr. 522 (March 19, 1993, Celotto, J.); Bristol Savings Bank v.Miller, supra, 7 Conn. L. Rptr. 517; Northeast Savings, F.A. v.Dunst, supra, 6 Conn. L. Rptr. 333; and Citytrust v. Kings GateDevelopers, Inc., 2 Conn. L. Rptr. 639 (October 19, 1990, Lewis, J.), Union Trust argues that a valid special defense to a foreclosure action must address the making, validity or enforcement of the loan documents. Union Trust asserts that because the "excessive finance charge" or the installation of an agent or employee does not concern the making, validity or enforcement of the loan documents, the motion to strike the fourth special defense is granted.
The Whittiers contend that a breach of the covenant of good faith and fair dealing is a defense to a foreclosure action. For this contention the Whittiers rely on Citicorp Mortgage Inc. v.Kerzner, 8 CSCR 194 (February 22, 1993, Curran, J.) and FederalNational Mortgage Ass'n v. Dombroski, 8 CSCR 635 (June 28, 1993, Berger, J.) as persuasive authority. The Whittiers further rely onWarner v. Konover, 210 Conn. 150, 533 A.2d 1138 (1989) in support CT Page 8351 of their assertion that the assessment of unfair finance charges relates to the "performance" of the contract.
In a foreclosure action, the court should only recognize "those equitable defenses which attack the making, enforcement, or validity of a note or mortgage." Shawmut Bank v. Wolfley,9 CSCR 216, 217 (January 24, 1994, Dean, J.). See e.g. Lafayette Bank Trust Co. v. D'Addario, 10 Conn. L. Rptr. 224, 224 (October 7, 1993, Maiocco, J.); First Federal Bank, F.S.B. v. Zavatsky,8 CSCR 1128, 1128 (September 24, 1993, Moraghan, J.); Town of Stratford v.Siciliano, 9 Conn. L. Rptr. 507, 507 (August 6, 1993, Leheny, J.);Centerbank v. Motor Inn Assoc., 9 Conn. L. Rptr. 505, 506 (August 2, 1993, Thompson, J.); and Citytrust v. Kings Gate Developers,Inc., 2 Conn. L. Rptr. 639, 639 (October 19, 1990, Lewis, J.)
The cases that Union Trust Co. cites; Bristol Savings Bank v.Miller, 7 Conn. L. Rptr. 517, supra; Northeast Savings, F.A. v.Dunst, 6 Conn. L. Rptr. 333, supra; and Lafayette Bank Trust Co.v. Jarvis, 5 Conn. L. Rptr. 49, supra; do not stand for the proposition that a breach of the covenant of good faith and fair dealing can never be invoked as a special defense to a foreclosure action. These cases, instead, require that the special defense concern the making, validity or enforcement of the loan documents.
Excessive finance charges could be considered part of the "making, validity, and enforcement" of the note. Accordingly, the motion to strike the fourth special defense is denied.
5. Fifth special defense: CUTPA
In the fifth special defense, the Whittiers allege that the factual allegations as set forth in the fourth special defense constitute a violation of CUTPA.
Union Trust initially argues that this special defense should be stricken because a CUTPA violation does not attack the making, enforcement or validity of the note. Moreover, Union Trusts argues that CUTPA, which is a remedial statute, is not properly raised as a special defense.
The Whittiers assert that many cases have held that CUTPA is a valid defense to a foreclosure action, citing ConnecticutNational Bank v. Carbonella, 8 CSCR 1010 (August 19, 1993, Leheny, J.); Ruitto v. Crowley Holmes, Superior Court, judicial district of Middlesex, Docket No. 64775 (June 22, 1993, Walsh, J.). CT Page 8352
This court will follow the rule that "CUTPA is a remedial statute that gives rise to a cause of action and is not properly raised as a special defense." Connecticut National Bank v.Alliance Petroleum Industries, Inc., 6 Conn. L. Rptr. 529, 530 (June 9, 1992, Hennessey, J.). Accordingly, the motion to strike the fifth special defense is granted.
III. Counterclaims
Count one of the counterclaim alleges the same facts as the fourth special defense (breach of the covenant of good faith and fair dealing). Count two of the counterclaim alleges the same facts as the fifth special defense (violation of CUTPA).
Union Trust argues that the counterclaims should be stricken because they do not arise out of the same transaction as the foreclosure action. Union Trust Co. contends that Wallingford v.Glen Valley Assoc., Inc., 190 Conn. 158, 495 A.2d 525 (1983);Community First South Dakota Bank Shares, Inc. v. Currie,4 Conn. L. Rptr. 209 (June 14, 1991, Nigro, J.) and Ostrager v. Hasiuk, Superior Court, judicial district of Tolland at Rockville, Docket No. 45414 (May 19, 1991, Dunn, J.), are analogous cases in which counterclaims arose from different factual situations other than a foreclosure action.
The Whittiers did not specifically address the issue of whether the counterclaims arose from the same transaction. "Connecticut Courts have relied upon a `transaction test' to determine whether or not counterclaims and cross-claims comply with Practice Book § 116. The `transaction test' as set forth in Practice Book § 116 is a test designed to permit the joinder of closely related claims where such joinder is in the best interest of judicial economy and avoidance of piece-meal disposition of what is essentially one action. Wallingford v. Glen Valley Associates,Inc., 190 Conn. 158, 161, 459 A.2d 525 (1983)." City of Stamfordv. Daddona, Superior Court, judicial district of Stamford/Norwalk, Docket No. 127293 (Nov. 4, 1994, Hickey, J.)
Moreover, an examination of other foreclosure proceedings indicate that equitable defenses and counterclaims "are proper only when they, like their common law counterparts, attack the note itself." Shoreline Bank Trust Co. v. Leninski,8 Conn. L. Rptr. 522, 524 (March 19, 1993, Celotto, J.) CT Page 8353
The Whittiers' fourth special defense alleges excessive finance charges could be considered part of the "making, validity and enforcement" of the note in question, then the first count of the counterclaim could be considered as arising out of the same transaction or occurrence as the foreclosure action. Therefore, Union Trust Co.'s motion to strike the first count of the counterclaim is denied.
The second count of the Whittiers' counterclaim, which alleges a violation of CUTPA, is also based, in part, on the allegation that Union Trust charged the Whittiers art excessive finance charge. Count One of the counterclaim, which alleges excessive finance charges, could be considered as arising out of the same transaction and occurrence as the foreclosure action, then the second count should also be considered in the same posture. Therefore, Union Trust Co.'s motion to strike the second count of the counterclaim is denied.[3]
The motion to strike the first, second, third, and fifth special defenses are granted. The motion to strike the fourth special defense and the first and second counts of the counterclaim is denied.
Dated at Bridgeport, Connecticut this 27th day of July, 1995.
RICHARD J. TOBIN, JUDGE